STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Secretary, Vermont Agency of Natural Resources, | } | |
| Petitioner, | } | |
| | } | |
| v. | } | Docket No. 30-2-06 Vtec |
| | } | |
| Stratton Gardens, LLC, | } | |
| Respondent. | } | |
| | } | |

Decision and Order on Application for Intervention

The Secretary of the Vermont Agency of Natural Resources (the Agency) issued an Administrative Order in this matter on November 18, 2005. The Administrative Order imposed a monetary penalty and required Respondent to stop work on a subdivision until it had obtained all necessary permits and "all approved stormwater treatment systems and erosion control measures are in place and functioning." An exception to the stop work order allowed the installation of stormwater controls on lots to which title had passed prior to the issuance of the Administrative Order. The parties agree that the project does not require either an Act 250 permit or any municipal permit.

Respondent entered an appearance; however, the parties requested that the hearing on the merits of the matter be postponed as they were in negotiations and were working on preparation of an Assurance of Discontinuance to resolve the matter. Respondent has filed for bankruptcy, so that any payment of money in connection with resolution of this environmental violation must first be approved by the Bankruptcy Court. The Bankruptcy Court hearing is scheduled for Tuesday, May 16, 2006.

Joel Lutzker and Christine Lutzker, owners of one of the eight lots already sold in

1

the subdivision, have moved to intervene in the Environmental Court proceeding, pursuant to 10 V.S.A. §8012(d) and V.R.E.C.P. 4(d)(3). We held an in-person hearing on May 11, 2006 to enable the parties to present evidence, if they wished to do so, as well as to make their arguments as to whether the Lutzkers are adequately represented by the existing parties.

All that would be before the Court, if the Administrative Order were to go forward to trial, would be whether there was a violation, and, if so, what penalty would be appropriate and whether work should stop until Respondent had applied for and obtained the required permits.

Any application for any required permit would not be before the Court in this proceeding; rather, the Lutzkers and any other interested parties would be able to comment on such a permit application during the administrative application process, and to appeal it to this Court in the future if they qualify as aggrieved parties and were dissatisfied with some aspect of the decision. 10 V.S.A. §8503(a)(1)(E).

Just as the Agency could have negotiated an Assurance of Discontinuance with Respondent in advance of and instead of issuing the Administrative Order, the Agency remains free to withdraw the Administrative Order and to negotiate an Assurance of Discontinuance with Respondent without regard to any other potential party. Once an Assurance of Discontinuance is presented to the Court, 10 V.S.A. §8007, rather than §8012, governs the procedure before the Court. There is no provision for intervention in relation to an Assurance of Discontinuance under §8007; rather, it is for the Office of Attorney General, rather than any potentially aggrieved parties, to challenge the sufficiency of an Assurance of Discontinuance to carry out the purposes of the Uniform Environmental Enforcement Act (10 V.S.A. Ch. 201). 10 V.S.A. §8007(c).

If the Administrative Order were to go forward, we would at that time determine whether the Lutzkers qualify for party status to provide evidence and legal arguments only

2

in relation to the sufficiency of the Administrative Order. 10 V.S.A. §8012(d). To the extent their concern with the penalty is that it should instead be spent on others of Respondent's financial obligations, such issues may be more usefully presented to the Bankruptcy Court in tomorrow's hearing. We note that if this Court were considering the penalty de novo in the Administrative Order case, we could be limited to considering the statutory penalty factors in 10 V.S.A. §8010(b), as informed by the factors in §8001.

Accordingly, the Lutzkers' motion to intervene is denied at the present time, without prejudice to its renewal if the anticipated settlement through an Assurance of Discontinuance does not occur and the matter is set for trial, or if the anticipated settlement through an Assurance of Discontinuance is offered to this Court in settlement of the Administrative Order, without the concurrent dismissal of the underlying Administrative Order.

To assist the Lutzkers in keeping track of the Environmental Court proceedings, we will put them on the service list for court documents as an informational party, and request the other parties to send them a courtesy copy of any Assurance of Discontinuance (and/or any withdrawal of the Administrative Order) for their information.

Done at Berlin, Vermont, this 15th day of May, 2006.

_____
Merideth Wright
Environmental Judge

3